# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

GERMAN SANCHEZ

                                         Plaintiff,

    v.

                                                                  5:14-CV-452

ALDO BONACCHI, Sgt. Shield #6039,                   (GLS/ATB)
Oswego Police Dep't,

                                         Defendant.

GERMAN SANCHEZ
Plaintiff, pro se

ANDREW T. BAXTER, Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review this complaint, together with an application to proceed in forma pauperis ("IFP"), an application for appointment of counsel, and a motion for temporary restraining order/preliminary injunction from pro se plaintiff, German Sanchez. (Dkt. Nos. 1, 2, 3, 5).

### I.   IFP Application

The statute governing IFP actions provides that the court may authorize the commencement of a civil action without the payment of fees, when the plaintiff files an affidavit that includes a statement that he is unable to pay the required fee or give security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff in this case has filed a form-motion to proceed IFP. (Dkt. No. 3). A review of the application shows that plaintiff's IFP application may properly be granted.

### II.   Complaint

Plaintiff claims that on February 13, 2013, defendant Bonacchi improperly

conducted a body cavity search on plaintiff.[1] (Compl. at 5 & ¶¶ 9-16). Plaintiff calls defendant's conduct a "breach of the duty to protect" and an unreasonable search in violation of the Fourth Amendment. (*Id.*) For a more complete statement of plaintiff's claim the court refers to the complaint herein and the "affidavit" that plaintiff has filed in support of his complaint.[2] (Dkt. No. 1-1). Plaintiff seeks a substantial amount of money damages.

## III.   **Preliminary Injunction and/or Temporary Restraining Order ("TRO")**

Plaintiff makes a motion for a TRO and/or preliminary injunctive relief by requesting an "Order to Show Cause." (Dkt. No. 2). Plaintiff asks that this court enjoin defendant, "their [sic] successors in office agents and employees, and all persons acting in concert and participating with them" from retaliating against plaintiff or his family "due to the action taken against Defendant." *Id.* at 1. Rule 65 of the Federal Rules of Civil Procedure governs applications for temporary injunctive relief. Rule 65 provides that the court may issue a TRO without oral or written notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint
> clearly show that immediate and irreparable injury, loss, or
> damage will result to the movant before the adverse party can
> be heard in opposition; and

---

[1] Although plaintiff does not use the words "excessive force," the complaint may be interpreted to allege a claim that defendant used excessive force in conducting the body cavity search.

[2] Plaintiff has also filed "exhibits" which appear to be attempts to obtain an investigation of the incident in question at the state level. Plaintiff is apparently attempting to show that he has "exhausted" his administrative remedies. Although it does not appear that plaintiff was ever properly able to bring an administrative claim, this fact is not relevant to the court's decision, and the exhaustion requirement contained in the Prison Litigation Reform Act ("PLRA") applies only to suits brought "with respect to prison conditions." 42 U.S.C. § 1997e(a). Plaintiff's suit is challenging the action of a police officer prior to plaintiff's incarceration.

2

>> (B) the movant's attorney verifies in writing any efforts made
> to give notice and why it should not be required.

FED. R. CIV. P. 65(b)(1)(A) & (B). A TRO generally expires within ten days of the order unless the court extends the time or the adverse party consents to an extension. *Id.* 65(b)(2). The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court can consider the request for a preliminary injunction. *Garcia v. Yonkers School District*, 561 F.3d 97, 107 (2d Cir. 2009) (quotation omitted); *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1124 (2d Cir. 1989) (quoting *Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842-43 (2d Cir. 1962)); *Sosa v. Lantz*, 660 F. Supp. 2d 283, 290 (D. Conn. 2009) (quotations omitted). Thus, although plaintiff states that he is asking for a TRO, this court will interpret plaintiff's request as also asking for a preliminary injunction.

The standard for either a TRO or a preliminary injunction is well-settled and requires a plaintiff to demonstrate irreparable harm, and either a likelihood of success on the merits or sufficiently serious questions going to the merits such as to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor. *See Sosa v. Lantz*, 660 F. Supp. 2d at 290-91; *Leibowitz v. Smith Barney*, 863 F. Supp. 171, 173 (S.D.N.Y. 1994) (citing *inter alia Local 1814, Int'l Longshoremen's Assn. AFL-CIO v. New York Shipping Assn., Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). The burden of proving that injunctive relief should issue rests entirely on the moving party. *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997).

Plaintiff in this case is not asking to preserve the status quo. He is asking the court to issue a mandatory injunction, forbidding the defendant and anyone who "acts

3

in concert with him" to retaliate against plaintiff because of this law suit. When an individual seeks a mandatory injunction, he must show a "clear" or "substantial" likelihood of success on the merits. *Id.* Plaintiff must demonstrate that the harm is neither remote nor speculative, but actual and imminent. *Id.* at 168 (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 989, 975 (2d Cir. 1989)). First, the court notes that defendant is a police officer in Oswego, who had contact with plaintiff prior to plaintiff's conviction, and plaintiff is now incarcerated in Gowanda Correctional Facility. There is absolutely no indication that this defendant or anyone connected with him would "retaliate" against plaintiff. Plaintiff has submitted no evidence, other than his own speculation. The same claim could be made by any inmate who names police or corrections officers as defendants in any action. Thus, this court will recommend that plaintiff's Order to Show Cause and motion for injunctive relief be denied.

### IV. **Appointment of Counsel**

Plaintiff has moved for appointment of counsel. (Docket No. 5). There are various reasons for the court to deny counsel at this time. First, prior to the court evaluating a request for appointment of counsel, a party must demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Although plaintiff alleges that he has sought assistance from "Prisoners Legal Assistance and Civil Rights Organizations to no avail," (Dkt. No. 5 at 1), he does not enclose any letter or other proof of such contact.

Even if plaintiff had properly shown that he was unsuccessful in locating counsel on his own, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the

4

Second Circuit listed the factors that a court must consider in determining whether to appoint counsel. The court should first consider whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court considers a number of other factors. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d at 61). In *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003), the Second Circuit stressed the importance of requiring indigent litigants seeking appointed counsel to first pass the test of likely merit.

This action was only recently commenced. The only facts upon which this Court may base its decision as to whether this lawsuit is of substance are the facts stated in plaintiff's complaint. Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of *pro bono* counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). After the facts in this case have been developed, plaintiff may file a new motion for appointment of counsel, at which time, the Court will be better able to determine whether such appointment is warranted. Any future motion must be accompanied by documentation that substantiates plaintiff's efforts to retain counsel on his own. Thus, plaintiff's motion for appointment of counsel is denied.

**WHEREFORE**, based on the above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 3) is **GRANTED**.[3]

---

[3] The court notes that although plaintiff's application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

The Clerk shall issue a summons and forward it, along with a copy of the complaint to the United States Marshal for service upon the named defendant. The Clerk shall forward a copy of the summons and complaint to the City Attorney of Oswego, First Floor City Hall, 13 W. Oneida Street, Oswego, NY 13126, together with a copy of this Order, and it is

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's inmate authorization form, and notify the official that this action has been filed, and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is

**ORDERED**, that the Clerk provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office, and it is

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendant or defendant's counsel as provided in the Federal Rules of Civil Procedure subsequent to service of process on the defendant, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 5) is **DENIED WITHOUT PREJUDICE** as discussed above, and it is

**RECOMMENDED**, that plaintiff's motion for an Order to Show Cause and TRO/Preliminary Injunction (Dkt. No. 2) be **DENIED**, and it is

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or**

**their attorneys may be stricken by the Court.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All motions shall comply with the Local Rules of Practice of the Northern District, and it is

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 22, 2014

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge