UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERMAN SANCHEZ,
                Plaintiff,

    v.                                                         5:14-cv-452

ALDO BONACCHI,
                Defendant.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

### I.    INTRODUCTION

Defendant Aldo Bonacchi moves pursuant to Federal Rule of Civil Procedure 50(b) for judgment as matter of law. Dkt. # 75. He contends that he is entitled to qualified immunity for his conduct on February 13, 2013, for which a jury found him liable to the Plaintiff for conducting an unconstitutional manual body cavity search. *Id.* Plaintiff opposes the motion, dkt. # 79, and Defendant files a Reply. Dkt. # 83. For the reasons that follow, the motion is denied.

### II.    STANDARD OF REVIEW

In reviewing a motion brought under Rule 50(b), "[t]he court must consider the evidence in the light most favorable to the non-movant and 'give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence'" bearing in mind that a jury is free to believe or disbelieve any part of a witness' testimony.

1

*Jones v. Town of E. Haven,* 691 F.3d 72, 80 (2d Cir. 2012) (quoting *Zellner v. Summerlin,* 494 F.3d 344, 371 (2d Cir. 2007)). Thus, the court may "disregard all evidence favorable to the moving party that the jury is not required to believe," *Zellner,* 494 F.3d at 371 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 135 (2000)), and is required "to give [the non-moving] party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d Cir. 2001) (citation omitted). The moving party thus bears a heavy burden, especially where, as here, "the jury has deliberated in the case and actually returned its verdict in favor of the non-movant." *Cash v. Cty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011)(internal quotation marks omitted).

### III. BACKGROUND

Plaintiff's only claim advanced at trial was that City of Oswego Police Department Sgt. Aldo Bonacchi conducted an unconstitutional manual body cavity search of Mr. Sanchez on February 13, 2013. The facts at trial indicated that on February 13, 2013, Sgt. Bonacchi and other officers executed a search warrant at Plaintiff's apartment. Plaintiff was arrested on a felony drug charge. During the search, Sgt. Bonacchi learned of facts providing reason to believe that Plaintiff had secreted drugs in his rectum. Sgt. Bonacchi testified that he conducted two visual body cavity searches of Plaintiff by spreading Plaintiff's buttocks and visually examining his rectum. Plaintiff testified that in doing so, Sgt. Bonacchi conducted a manual body cavity search which involved inserting a finger into Plaintiff's anus. Sgt. Bonacchi, and a non-party witness present at the time, Sgt. Charles

2

Burger, both testified that Sgt. Bonacchi did not perform a manual body cavity search.

Sgt. Bonacchi testified that after executing the search warrant at the apartment and arresting Plaintiff, he sought and obtained a judicial warrant for a search of Mr. Sanchez's body cavity to see if drugs were secreted there. The evidence indicated that Plaintiff was transported to a local hospital where he consented to have medical personnel remove drugs he concealed in his rectum. This occurred before Sgt. Bonacchi arrived at the hospital with the search warrant he obtained after leaving Plaintiff's apartment. At trial, Sgt. Bonacchi was asked these questions and gave these answers:

Q. Was that warrant executed or endorsed by the judge?

A. It was.

Q. Was it executed by you?

A. No. By the time I got it to the hospital, Mr. Sanchez had already consented to medical intervention.

Q. As far as we understand it, that warrant was actually never executed?

A. Correct.

Q. Would you have executed that warrant if he had not consented to it?

A. Yes.

Q. How would you have executed that warrant?

A. I would have provided it to the on-call ER doctor who in turn would have provided it to a gastrointestinal specialist and then performed the CT scans and things of that nature. It would have been provided to the hospital to do the exam.

Q. Would you have conducted personally a manual body cavity search pursuant to a warrant like that?

A. Absolutely not. My department, my team of guys, we're well-trained. We're well-versed. We understand exactly what we need to do when we get ourselves into a predicament like this. We know how we're able to obtain evidence legally without

3

violating anyone's rights and frankly to have somebody else do my dirty work. I'm going to give it to a doctor to have to handle that.

Q. You -- strike that. At any point during any of the searches of the plaintiff, did you insert a finger or anything else into his rectum?

A. Absolutely not. .

\* \* \*

Q. You got a search warrant in this action for a manual body cavity search after Mr. Sanchez went to the hospital, correct?

A. Correct.

Q. Where were you going to take that search warrant to be executed?

A. The hospital.

Q. By whom was that search warrant going to be executed had consent not already been given?

A. Doctors, 100 percent doctors, not me, not my fingers. I want nothing to do with it.

After hearing the evidence and deliberating, the jury returned a verdict in favor of Plaintiff and awarded him nominal damages in the amount of $1.00.

## IV. DISCUSSION

On the instant motion, Defendant argues that assuming *arguendo* "that a manual body cavity search had been conducted by Defendant Bonacchi —the claimed conduct did not violate a clearly established constitutional right." Dkt. # 75. Therefore, Defendant contends, he is entitled to qualified immunity. *Id.* The Court disagrees.

Here, when viewing the evidence in the light most favorable to Plaintiff and accepting the jury's determination in this matter, the facts are that Sgt. Bonacchi conducted a manual body cavity search of Plaintiff before a judicial warrant was obtained. Further, Sgt.

4

Bonacchi testified that he knew that in order to legally obtain evidence secreted inside a person's body "without violating anyone's rights" he would need a warrant and should allow a doctor to "handle" the search.

Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *White v. Pauley*, 137 S. Ct. 548, 551 (2017) (internal citations and quotation marks omitted).  Because Defendant personally conducted a manual body cavity search of Plaintiff before obtaining a judicial warrant, and because Defendant essentially testified that he knew such conduct violated Plaintiff's rights, Defendant is not entitled to qualified immunity.

## V. CONCLUSION

For the reasons discussed above, Defendant's Rule 50(b) motion (dkt. # 75) is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 7, 2018

_____
Thomas J. McAvoy
Senior, U.S. District Judge